IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

ROBERT C. PAYNE,

                Plaintiff,

Vs.                                                                 No.  12-4063-SAC

COMMONWEALTH OF
MASSACHUSETTS
DEPARTMENT OF REVENUE, *et al.*,

                Defendants.

MEMORANDUM AND ORDER

The pro se plaintiff, Robert C. Payne, filed this civil action against an agency in the State of Massachusetts and six current and former state and local officials who also serve or have served in Massachusetts.  On the form complaint, Mr. Payne checks for the court's jurisdiction the civil rights provision, 28 U.S.C. § 1343, and asserts as other grounds, "Title 42 Sect 650 et seq., 14th Amendment of the US Constitution, 2005 ESCV 000427(A)."  (Dk. 1, p. 4).  As far the statement of his claim, the plaintiff alleges:  "The Comm of Mass and County of Essex Judges have violated my civil and constitutional rights by conspiring and colluding to deny my right to writ of habeas corpus among other actions and has continually denied my access to the court concerning my divorce."  (Dk. 1, p. 5).  The plaintiff discloses in that section of the form complaint on administrative procedures that his claims have been presented and are "ongoing" in Osage County

District of Kansas (99 R 110) and in Massachusetts state court ( 2005 ESCV 000427(a)).

Finding Mr. Payne's complaint bereft of allegations to support an actionable claim in this court, the Magistrate Judge issued an order requiring Mr. Payne "to show cause in writing" to this court "why the case should not be dismissed for failure to state a claim upon which relief can be granted." (Dk. 5). Mr. Payne filed his response within the time permitted by the court. (Dk. 9).

Mr. Payne alleges in his response that the state courts in Massachusetts have denied him notice of hearings held in his "divorce case in Massachusetts" and, in particular, have denied him notice of hearings for the "interstate enforcement order by the Massachusetts Probate Court." (Dk. 9, p. 1). Mr. Payne also alleges the Massachusetts statute for failure to pay child support is unconstitutionally vague. Finally, Mr. Payne refers to "the matter of the Massachusetts Civil Docket 2005 ESCV 000427 (A) the plaintiff's action for a hearing against the Sheriff of Essex County for unlawful incarceration and Writ of Habeas Corpus." (Dk. 9, p. 2). Mr. Payne makes several challenges to the conduct of not only the Massachusetts court but of the parties to that proceeding, and he alleges a conspiracy there to deny him the constitutional right to a writ of habeas corpus.

Because the plaintiff is seeking to proceed in forma pauperis, the court shall review the complaint and may dismiss it if the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The court is to accept as true all well-pleaded facts and is to draw all reasonable inferences from those facts in favor of the plaintiff. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The court, however, is not under a duty to accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although pro se filings will be construed liberally, this court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted), *cert. denied*, 130 S. Ct. 1142 (2010). Dismissal of a complaint is warranted when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To avoid dismissal, a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible." Id. To be facially plausible, the complaint must contain factual content from which the Court can reasonably infer that defendants are liable for the misconduct which plaintiff alleges. *Ashcroft v. Iqbal*, 556 U.S. at 678.

Liberally construed, the plaintiff's allegations are for the most part either based on or inextricably intertwined with the described Massachusetts state court orders. "The *Rooker-Feldman* doctrine prevents

lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings." *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007), *cert. denied*, 552 U.S. 1098 (2008).  The plaintiff's allegations indicate the Massachusetts state court orders at issue are matters of final judgment for purposes of this doctrine.  *Id*.  And, as for his allegations against other government actors or private persons for their involvement in these proceedings, they are "inextricably intertwined" with the state court orders and, thus, are barred also by the *Rooker-Feldman* doctrine.  *Id*. at 1147.  Additionally, the plaintiff's complaint fails to allege any legal or factual basis for this court to find that venue properly lies in the District of Kansas under 28 U.S.C. § 1391 or that personal jurisdiction exists over any of the named defendants.  The court will not permit the plaintiff a further opportunity to amend his complaint, as the circumstances show any amendments to these claims would be futile.

      IT IS THEREFORE ORDERED that the plaintiff's complaint is dismissed without prejudice for lack of jurisdiction.

      Dated this 3rd day of July, 2012, Topeka, Kansas.

      s/ Sam A. Crow
      Sam A. Crow, U.S. District Senior Judge